## Payne v. City of Covington.

Dec. 20, 1940.

William J. Deupree for appellant.

Stanley Chrisman for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The circumstances out of which this litigation arose were outlined in our opinion reported in 283 Ky. 848, 143 S. W. (2d) 727, and hence will not be detailed here. Following the reversal of the Chancellor's decree approving the issue of refunding bonds, the city supplied

the deficiencies which necessitated the reversal by satisfactorily showing that the items composing the floating indebtedness, $475,964.10, are obligations created by the city for municipal purposes. As pointed out in our former opinion, the proposed issue, $350,000, will not increase the city's bonded indebtedness beyond the maximum permitted by Section 158 of the Constitution; and since the uncollected taxes for the year 1938, plus the additional taxes which the city might have levied for the year within the limitations prescribed by the Constitution, would exceed the floating indebtedness, it is manifest under the rule prevailing prior to December 16, 1938, that so much of the floating indebtedness as accrued during 1938 was not incurred in violation of Section 157. This appears to have been $230,491.40 since this was the amount of the outstanding vouchers on December 31, 1938 (including $32.59 represented by a voucher issued in 1937), all of which, with the exception of $22,536.94, appears to have been paid out of 1939 taxes. It follows that of the present floating indebtedness (all of which, except the aforesaid $22,536.94, is represented by vouchers issued in 1939), $245.472.70 may be said to have accrued in 1939.

But, in 1939 the rule which treated as valid all indebtedness contracted within the amount which would have been available had the city levied the maximum tax permitted by the Constitution was no longer in force, and hence, the validity of the proposed bond issue in excess of $230,491.40, chargeable to 1938, depends upon whether an amount equivalent to that excess would have been available to the city had it realized its anticipated revenue based upon the taxes actually levied for that year. According to the City Comptroller the city's legally anticipated income for the year 1939, including license fees, etc., and "other receipts," exceeded the revenues actually collected by $211,805.04; but, since the amount of the uncollected taxes for that year alone, $137,404.71, exceeds the difference between the amount of the proposed bond issue and the floating indebtedness properly chargeable to 1938, it is unnecessary to pursue the inquiry further in order to determine that at least $350,000 of the total floating indebtedness was not incurred in violation of Section 157 of the Constitution.

The former city officials did not violate Section 158 of the Constitution, nor Section 157 of that instrument

as construed prior to December 16, 1938, and, as said in our former opinion, the present officers of the city are making a praiseworthy effort to remedy the conditions which resulted in the deficiencies of revenue referred to. Hence we do not find it necessary to withhold our approval of the proposed bond issue as we are directed by statute to do where it appears that the officials in office at the time of the creation of the indebtedness have not had due regard for the finances of the municipality.

Judgment affirmed.